VICTORY OIL COMPANY, INC., Appellant, v. F. F. WILLOZ.

---

(January 4, 1926. Opinion and Decree.)
(January 18, 1926. Rehearing Refused.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Evidence—Par. 141. 160.**

In a suit upon an open account, defendant cannot be held liable when the evidence shows that the merchandise was bought by, charged to and delivered in the name of a third person. The fact that defendant signed the dray receipt evidencing delivery without indicating that he acted for the party in whose name the goods were delivered, creates no liability in defendant to pay for the goods.

Appeal from First City Court of the City of New Orleans, Hon. W. Alexander Bahns, Judge.

This is a suit on an open account. There was judgment for defendant and plaintiff appealed. Judgment affirmed.

Jas. N. Buttingham, McCloskey and Benedict of New Orleans, attorneys for plaintiff, appellant.

W. J. Formento of New Orleans, attorney for defendant, appellee.

---

WESTERFIELD, J. Defendant sued on an open account for $121.73, denies all responsibility therefor.

It appears that W. W. Lemmon conducted an oil filling station in Esplanade Street and bought oil and gasoline from the plaintiff Company. Lemmon organized the Lemmon Motor Company, with Willoz, defendant herein, as vice-president, and continued to buy supplies from plaintiff. The account on plaintiff's books continued in the name of W. W. Lemmon. The gasoline and oil, for the payment of which this suit was brought, was delivered to the place of business and placed in the tank of the Lemmon Motor Company. It was receipted for by the defendant Willoz, or by his son, who seems to have been employed about the place.

The contention of plaintiff is that it sold to Willoz and not to the Lemmon Motor Company, and there is evidence of plaintiff's refusal to deal with the Lemmon Motor Company because of worthless checks having been given plaintiff by that concern. Lemmon, testifying for plaintiff, says that at the time this oil and gasoline was delivered, he had leased the station to the defendant, Willoz, upon a basis of one cent per gallon on all sales, that is to say, the corporation of which Lemmon

was president did so. On the other hand, the account on plaintiff's books was carried in the name of W. W. Lemmon at all times and the dray receipts signed by Willoz and his son were in the name of W. W. Lemmon. Willoz denies the lease of the place testified to by Lemmon and there is nothing beyond Lemmon's statement that there was a verbal lease to support it. No resolution by the Board of Directors or any evidence of corporate action was shown.

Albert Jannack, who sold the oil for plaintiff, when placed in the station by plaintiff, testified as follows:

"Q. As a matter af fact, where did you deliver this stuff?
"A. I delivered it at 1501 Esplanade Avenue.
"Q. What was there?
"A. A filling station.
"Q. Whose filling station?
"A. W. W. Lemmon.
"Q. As a matter of fact, when those receipts were signed, to whom were those goods and material billed to?
"A. To F. F. Willoz.
"Q. Will you kindly look at this receipt No. 22597 and tell me who bought this oil?
"A. W. W. Lemmon, 1501 Esplanade Avenue, bought of the Victory Oil Company, Incorporated, truck No. 12, 600-W five gallons, signed by A. Jannack, receipted by H. Willoz.
"Q. As a matter of fact, this bill shows W. W. Lemmon bought this oil; who is H. Willoz?
"A. That is the kid.
"Q. He signed this receipt?
"A. Yes, sir.
"Q. To show the oil was delivered to this particular oil station?
"A. Yes, sir.
"Q. These 116 gallons, who bought this oil?
"A. W. W. Lemmon, 1501 Esplanade Avenue, signed by H. Willoz.
"Q. These 210 gallons, who bought this oil?
"A. W. W. Lemmon, 1501 Esplanade Avenue, signed by H. Willoz.
"Q. These ten gallons, who bought this oil?

"A. W. W. Lemmon.
"Q. Who signed the receipt?
"A. F. F. Willoz.
"Q. 230 gallons, who bought that oil?
"A. W. W. Lemmon.
"Q. That was signed by who?
"A. F. F. Willoz.
"Q. These 100 gallons, who bought that oil?
"A. Lemmon.
"Q. Receipt was signed by who?
"A. H. Willoz.
"Q. These 200 gallons, who bought that oil?
"A. W. W. Lemmon, signed by H. Willoz."

The merchandise was sold to Lemmon, charged to Lemmon, and billed to Lemmon. We fail to see how defendant can be held responsible. The question of agency discussed at length in defendant's brief has no application since it is not shown that defendant had anything to do with the purchase of the merchandise beyond receiving it when delivered. Under the circumstances, the judgment appealed from must be and it is affirmed.